Pratt, J.
The testimony offered by the plaintiffs, fails in many respects, to make a gift causa mortis.
The language used does not clearly describe the property referred to, nor the donees, nor does it clearly express an intention to make a gift.
*16 The only property referred to with any distinctness was the “money,” and whether that meant money in hand, or his bank credit, or his property generally, we can only conjecture.
Neither were the donees referred,to with any precision.
In answer to a question whether “mother and the children” were meant, we are told the answer was “yes.” But what estate or share was to go to any one was left uncertain.
The direction to Sherrill to take the box to his office and take care of it, was not expressed to be, and cannot be construed as a delivery to.Sherrill as the agent of the donees.
If the dying man had an intention to make a donation causa mortis, he failed to so express himself as to enable the court to carry it into effect.
Giving to the evidence the utmost force that can be claimed, it fell far short from being sufficient to justify a verdict for plaintiffs.
Judgment affirmed with costs.
Cullen J., concurs.